**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**

NUTRAMAX LABORATORIES, INC.
AND NUTRAMAX LABORATORIES
VETERINARY SCIENCES, INC.

      Plaintiffs

v.

ROWLO, LLC AND
ROWLO CAPITAL US, INC.,

      Defendants

Civil Action No. **1:26-cv-01736-JPB**

## JOINT MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. §1404(a)

Plaintiffs Nutramax Laboratories, Inc. and Nutramax Laboratories Veterinary Sciences, Inc. ("Plaintiffs" or "Nutramax") and Defendants Rowlo, LLC and Rowlo Capital US, Inc. ("Defendants" or "Rowlo") (together, the "Parties"), by and through their undersigned counsel, jointly move this Court pursuant to 28 U.S.C. § 1404(a) to transfer this action to the United States District Court for the Southern District of Florida. The Parties have conferred and mutually agree that the Southern District of Florida is a more convenient venue for the Parties and witnesses, and that transfer to that district will promote the interests of justice and judicial economy by permitting this action to be consolidated with a pending litigation in the Southern District of Florida against Defendants' manufacturer of the accused products, SynergyLabs,

LLC ("Synergy"), which is accused of infringing the same patents. All Parties consent to the proposed transfer of venue.

## I.    Factual Background

This is a patent infringement lawsuit. Plaintiffs filed this action in this District on March 31, 2026 alleging that Defendants' "Wuffes Calming Chews" product infringes U.S. Patent Nos. 10,335,384 and 12,194,011. For the limited purpose of answering the complaint in this action and jointly requesting transfer to the Southern District of Florida, Defendants do not object to venue in this District. However, neither Plaintiffs nor Defendants reside in this District. Plaintiffs are South Carolina corporations. *See* D.I. 1 ¶¶ 6-7. Defendants are Wyoming corporations. *See id.* ¶¶ 7-8. Further, the accused products were neither developed nor manufactured in this District.

On April 2, 2026, Plaintiffs sued Synergy for patent infringement in the Southern District of Florida. *See Nutramax Labs., Inc., et al. v. SynergyLabs, LLC,* Case No. 0:26-cv-60930, D.I. 1 (S.D. Fla. April 2, 2026). Synergy manufactures Wuffes Calming Chews for Defendants, and so that case involves the same patents asserted in this action and the same accused product at issue in this action. Synergy is a Florida corporation with a principal place of business and headquarters in Fort Lauderdale, Florida, which is located within the Southern District of Florida. Given

the subsequent filing against SynergyLabs, consolidation of the two actions in Florida is now the most efficient path forward for the Parties.

## II.   Legal Standards

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The purpose of Section 1404(a) is "to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)( quoting *Continental Grain Co. v. Barge FBL-585*, 364 US 19, 26-27 (1960)). Where relevant witnesses, documents, and operative events are predominantly located outside the district, and where transfer would promote judicial economy and the interests of justice, transfer under Section 1404(a) is warranted. *See, e.g., Ramsey v. Fox News Network, LLC,* 323 F. Supp. 2d 1352, 1355-58 (N.D. Ga. 2004).

## III.   Argument

The Parties respectfully request that the Court transfer this action to the Southern District of Florida. 35 U.S.C. § 1404(a) expressly permits the Court to transfer this action "to any district or division to which all parties have consented."

3

Here, all Parties consent to transferring the case to the Southern District of Florida, so the Court may transfer this action to that district.

Moreover, transfer to the Southern District of Florida will promote the interests of justice by avoiding duplicative litigation in different districts concerning the same asserted patents and accused products. Synergy is the entity that manufactures the accused products. Following transfer, the Parties intend to jointly move to consolidate this action with the co-pending action against Synergy so that the related infringement allegations against Synergy and Defendants can be litigated in a single proceeding. Because Synergy is incorporated and headquartered in the Southern District of Florida, operative facts of this case are more likely to have occurred in that district. Transfer to that district will "prevent the waste of time, energy and money" by promoting the convenience of potential witnesses, providing access to process to compel the attendance of any unwilling witnesses located in Florida, eliminating the requirement for relevant witnesses to travel to both Georgia and Florida to testify, and maximizing access to relevant documents and other sources of proof. *Van Dusen,* 376 U.S. at 616.

## IV.    Conclusion

Thus, for all of the foregoing reasons, the Parties respectfully request that this Court transfer the instant action to the Southern District of Florida.

/s/ *Jason D. Rosenberg*

Jason D. Rosenberg (GA Bar 510855)
jason.rosenberg@alston.com
ALSTON & BIRD LLP
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7700

Natalie C. Clayton
natalie.clayton@alston.com
Madeline E. Byrd
maddy.byrd@alston.com
ALSTON & BIRD LLP
90 Park A venue, 15th Floor
New York, NY 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444

*Counsel for Plaintiffs*

/s/ *Joseph R. Odachowski*

Joseph R. Odachowski
Georgia Bar No. 549470
TAYLOR ODACHOWSKI SCHMIDT
& CROSSLAND, LLC
3455 Peachtree Road NE, Suite 500
Atlanta, GA 30326
Phone: (912) 634-0955
Email: jodachowski@tosclaw.com

*Counsel for Defendants*

5